IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANET HOWSER, | Civil No. 20-00232 DKW-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(b) FEES |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(b) FEES

On February 27, 2023, counsel for Plaintiff Janet Howser ("Plaintiff") filed a Petition for 406(b) Fees ("Petition"). ECF No. 31. On February 28, 2023, Defendant Kilolo Kijakazi ("Defendant") filed a Statement of No Position on the Petition. ECF No. 32.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully reviewing the filings and the record in this case, the Court FINDS and RECOMMENDS that the district court GRANT the Petition.

## BACKGROUND

This matter arises from Plaintiff's appeal of the Social Security Administration ("SSA") Commissioner's denial of Social Security disability insurance benefits to Plaintiff. On April 23, 2021, the district court issued its Order Reversing Decision of Commissioner of Social Security and Remanding for Further Administrative Proceedings. ECF No. 27. That same day, the Clerk of Court entered judgment in favor of Plaintiff. ECF No. 28. On July 26, 2021, the parties stipulated—with the approval of the district court—for Plaintiff's counsel to receive an award of attorneys' fees for $8,800 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 30.

On remand, Plaintiff received a favorable hearing decision granting her application for benefits. ECF No. 31 at 3–4.

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of her past-due benefits if her social security appeal was successful. ECF No. 31-2. Plaintiff also agreed that any EAJA fees awarded would offset any amount of fees owed to counsel. *Id.*

In January 2022, Plaintiff received a Notice of Award from the SSA. ECF No. 31-1. The Notice of Award indicates that the SSA has withheld 25% of Plaintiff's past-due benefits, $18,200.50, for purposes of paying attorneys' fees. *Id.* at 2.

On February 23, 2023, Plaintiff's counsel filed the instant Petition. Plaintiff's counsel asserts that, pursuant to her retainer agreement with Plaintiff, she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,200.50. This amount is 25% of Plaintiff's past-due benefits award. Counsel indicates that, if the Court grants the Petition, she will reimburse Plaintiff for the previously awarded $8,800 in EAJA fees. ECF No. 31 at 14–15.

The Petition includes a declaration from Plaintiff, in which Plaintiff indicates that she agrees with the relief requested by her counsel. ECF No. 31-4. Defendant filed a Statement of No Position on the Petition.

## DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and §406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)). The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Id.* at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results of the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08. "A fee resulting front a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would result in a windfall." *Crawford*, 586 F.3d at 1148, 1151 (quoting *Gisbrecht*, 535 U.S. at 806, 808).

The Court has carefully reviewed the Petition, including counsel and Plaintiff's declarations, and finds that counsel met her burden in demonstrating that the requested fees are reasonable. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of her past-due benefits if counsel successfully represented her on appeal and owed no fees if the appeal was unsuccessful. Counsel's request for

$18,200.50 represents the statutory maximum 25% of the past-due benefits awarded to Plaintiff.

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving substantial past-due benefits. The Court thus finds no reason to reduce fees for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In her declaration in support of the Petition, counsel indicates that she spent 45 hours litigating this case. *See* ECF No. 31-3 at 3 ¶ 10. Dividing the fees requested by the hours spent results in an hourly rate of $404.46. Courts in this circuit have regularly awarded fees with hourly rates exceeding $1,000 in similar cases. *See Brazilev. Comm'r of Soc. Sec.*, CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

The Court thus further finds that counsel's request for $18,200.50 in attorneys' fees is reasonable.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT the Petition and award Plaintiff's counsel $18,200.50 in attorneys' fees in accordance with 42 U.S.C. § 406(b).  The Court further FINDS AND RECOMMENDS that the district court order Plaintiff's counsel to pay Plaintiff the previously awarded EAJA fees in the amount of $8,800.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 28, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Howser v. Kijakazi*, Civil No. 20-00232 DKW-KJM; Findings and Recommendation to Grant Petition for 406(b) Fees